IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ruslan Kalinin, | Case No.: 4:25-cv-12519-JD |
| Plaintiff, | |
| vs. | |
| | **ORDER** |
| South Carolina Department of Social Services; Nebraska Department of Health and Human Services; Horry County Child Support Enforcement Division; Patrick F. Condon; James Swick; Alyssa Bish; Gayle Watson; and John/Jane Does 1-10, Geoffrey Gordon; and Kim Brown, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 30), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns the screening of Plaintiff Ruslan Kalinin's ("Plaintiff") Amended Complaint (DE 25).[1]

**A.     Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff commenced this action on September 11, 2025, asserting constitutional and statutory claims arising from the enforcement of a Nebraska child

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

support decree by South Carolina authorities. Proceeding pro se, Plaintiff alleges that a child support and custody decree was entered against him by a Nebraska state court in January 2015 without proper service of process, notice, or an opportunity to be heard. According to Plaintiff, the decree was therefore void ab initio.

Plaintiff further alleges that, notwithstanding the alleged lack of service and jurisdiction, the Nebraska Department of Health and Human Services transmitted the decree to South Carolina for enforcement. Plaintiff contends that the South Carolina Department of Social Services and Horry County Child Support Enforcement Division thereafter undertook enforcement actions, including license suspension, tax refund interception, credit reporting, and the initiation of contempt proceedings.

Plaintiff seeks declaratory and injunctive relief, including a declaration that enforcement of the Nebraska decree without valid service violated his due process rights, an injunction prohibiting further enforcement absent proof of service, and an accounting of funds collected pursuant to the decree.

On October 9, 2025, the Magistrate Judge issued an order advising Plaintiff that his original Complaint was subject to summary dismissal and granting him an opportunity to amend. Plaintiff filed an Amended Complaint on November 3, 2025.

**B.     Report and Recommendation**

On November 21, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's Amended Complaint be dismissed without prejudice and without issuance and service of process. (DE 30.) As set forth in the Report, the Magistrate

Judge concluded that this Court lacks subject-matter jurisdiction over Plaintiff's claims under the Rooker–Feldman doctrine because Plaintiff seeks, in substance, federal review and invalidation of a Nebraska state court child support decree. The Report explains that Plaintiff's requests for declaratory and injunctive relief would necessarily require this Court to determine that the state court judgment was entered without proper service and is therefore void, relief that is beyond the jurisdiction of a federal district court.

The Magistrate Judge further concluded that, to the extent Plaintiff seeks prospective federal intervention in ongoing child support enforcement proceedings in South Carolina, abstention is independently warranted under *Younger v. Harris*. The Report finds that the enforcement proceedings constitute ongoing state judicial proceedings that implicate important state interests and provide an adequate opportunity for Plaintiff to raise his constitutional challenges in state court. Accordingly, federal intervention would be improper.

Because the recommended dismissal rests on jurisdictional and abstention grounds, the Magistrate Judge properly recommended dismissal without prejudice. The Report also recommends that Plaintiff's Motion for Extension of Time to Amend Complaint (DE 24) be denied as moot, as Plaintiff filed his Amended Complaint on November 3, 2025, prior to the issuance of the Report.

The Court expresses no opinion on the validity of the underlying Nebraska child support decree or the merits of Plaintiff's due process allegations, which are matters properly addressed in the appropriate state forum.

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

E.     Conclusion

Accordingly, after a careful and thorough review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 30) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. It is further **ORDERED** that Plaintiff's Motion for Extension of Time to Amend Complaint (DE 24) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 29, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.